UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

MICHAEL J. HORVATH,
         Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
         Agency.

DOCKET NUMBER
SF-1221-16-0446-W-1

DATE: November 28, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael J. Horvath</u>, Los Angeles, California, pro se.

<u>Jessica A. Neff</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is employed as a Special Agent with the agency's U.S. Secret Service. Initial Appeal File (IAF), Tab 1 at 1. On April 27, 2016, he filed a Board appeal alleging that on December 15, 2015, he was removed from a candidate nominee operations section (CNOS) assignment in retaliation for filing a grievance concerning his 5-day suspension. *Id.* at 5. The administrative judge issued an order on jurisdiction in which he informed the appellant that, to establish Board jurisdiction over his IRA appeal, he had to demonstrate that he had exhausted his whistleblowing claims before the Office of Special Counsel (OSC) and make nonfrivolous allegations that he made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken against him. IAF, Tab 5. In response, the appellant contended that he made protected disclosures and engaged in protected activity on a variety of dates between August 2015 and January 5, 2016. IAF, Tab 7 at 4-10. He also submitted a copy of his OSC complaint and correspondence with OSC. IAF, Tab 7 at 37-48, Tab 14 at 32-35.

¶3　　Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 21, Initial Decision (ID).  The administrative judge found that the sole claim the appellant had exhausted before OSC was that on December 15, 2015, he was removed from the CNOS assignment and other protection assignments in retaliation for his December 18, 2015 grievance of a 5-day suspension.  ID at 8.  However, the administrative judge found that the Board lacks jurisdiction over such a claim because the appellant's grievance did not seek to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8).  ID at 12-13.  The administrative judge further found that the appellant failed to nonfrivolously allege that his grievance was a contributing factor in the agency's decision because the appellant filed his grievance after learning that he had been removed from the CNOS rotation.  ID at 13-15.  Lastly, he found that the appellant failed to exhaust his administrative remedies with OSC regarding his remaining claims that he made protected disclosures and engaged in protected activity.  ID at 8-11.

¶4　　The appellant has filed a petition for review in which he asserts that the administrative judge erred in finding that he failed to exhaust his administrative remedies regarding additional alleged protected disclosures.[2]  Petition for Review (PFR) File, Tab 1 at 10-14.  The agency has opposed the appellant's petition.  PFR File, Tab 3.  The appellant has filed a reply.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5　　Under U.S.C. § 1214(a)(3), an employee is required to exhaust his administrative remedies with OSC before seeking corrective action from the

[2] The appellant also asserts that new evidence shows that he has been removed from a new work assignment in further retaliation for his disclosures and for filing the instant appeal.  PFR File, Tab 1 at 14-17.  The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  The appellant's arguments on review are not of such weight because they do not pertain to the dismissal of his claims for failure to exhaust them before OSC or otherwise establish jurisdiction.

Board in an IRA appeal. *Mason v. Department of Homeland Security*, [116 M.S.P.R. 135](), ¶ 8 (2011). An appellant filing an IRA appeal has not exhausted his OSC remedy unless he has filed a complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120-calendar days have passed since he first sought corrective action. *Simnitt v. Department of Veterans Affairs*, [113 M.S.P.R. 313](), ¶ 8 (2010). The Board has recently clarified that to satisfy the exhaustion requirement, the appellant must provide OSC with sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, [2022 MSPB 8](), ¶¶ 10-11. While the Board's jurisdiction is limited to those issues that have been previously raised with OSC, an appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC. An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. An appellant may also establish exhaustion through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Id.*

¶6      We agree with administrative judge that the sole claim the appellant exhausted before OSC was his being removed from the CNOS assignment in retaliation for filing a grievance of his 5-day suspension. ID at 9. In his OSC complaint, the appellant alleged that he was removed from a preselected work assignment "in retaliation for a reserved right of grievance [he] maintained in regards to a proposal for suspension." IAF, Tab 7 at 42. OSC construed his claim as such and issued a close-out letter characterizing the appellant's claim as follows: "[y]ou allege that because of your suspension and subsequent grievance, you were disallowed from serving on the Candidate Nominee Shift and other protective missions." IAF, Tab 1 at 18.

¶7　　　As the administrative judge properly found, the Board lacks jurisdiction over a claim of reprisal for filing a grievance, unless the grievance concerns remedying a violation of whistleblower reprisal under 5 U.S.C. § 2302(b)(8).  ID at 12-13; *see Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013); *see also Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020) (stating that "[s]ection 2302(b)(9)(A)(ii), which is not included in the list of prohibited personnel practices for which the Board can issue corrective action, covers retaliation for exercising any appeal, complaint, or grievance right other than one seeking to remedy a violation of section 2302(b)(8)[,] [r]etaliation for filing those other types of complaints is remediable through different mechanisms, and not by an IRA appeal to the Board").[3]  To the extent the appellant argues that the administrative judge improperly found that his grievance did not seek to remedy whistleblower reprisal, PFR File, Tab 1 at 5-6, 14, any error does not provide a basis for reversal because the administrative judge also found that the appellant failed to nonfrivolously allege that his December 18, 2015 grievance was a contributing factor in the agency's prior December 15, 2015 decision to remove him from the CNOS assignment, ID at 13-14; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision).

¶8　　　On review, the appellant reiterates his arguments below that he exhausted additional alleged protected disclosures before OSC, including the following:

---

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on this issue.  However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, extended for 3 years in the All Circuit Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894, and eventually made permanent in the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B).

(1) his alleged disclosure in an August 19, 2015 memorandum that his supervisor had been derelict in his responsibilities and abused his authority by assigning the appellant to respond to a duty call on August 7, 2015; (2) his alleged protected activity during an August 27, 2015[4] meeting in which he expressed his intent to file a grievance of his proposed 5-day suspension; and (3) his alleged protected activity in a December 18, 2015 email detailing his intent to file a grievance.[5] PFR File, Tab 1 at 8-14. We have considered the appellant's arguments on review, however, for the reasons set forth in the initial decision, we agree with the administrative judge that the information that the appellant provided to OSC regarding these alleged protected disclosures was insufficient for it to pursue an investigation that might lead to corrective action. ID at 8-10; *see, e.g.*, *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶¶ 6-8 (2015) (finding that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). Moreover, as the administrative judge found, even assuming that the appellant exhausted his remedy with OSC and nonfrivolously alleged that his December 18, 2015 email constituted a protected disclosure or protected activity, he failed to nonfrivolously allege that it was a contributing factor because it post-dates his removal from the CNOS assignment on December 15, 2015. ID at 10 n.6; *see Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 16 (2014) (explaining that, to satisfy the contributing factor criterion, an appellant must raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that

---

[4] This meeting appears to have occurred on October 27, 2015, the date the appellant's suspension was proposed, not August 27, 2015. IAF, Tab 1 at 9, Tab 7 at 6; PFR File, Tab 1 at 12.

[5] The appellant does not challenge the administrative judge's findings that he failed to exhaust his remedies with OSC concerning his alleged protected disclosures and activity on December 23 and December 31, 2015, and January 5, 2016, and we discern no error in the administrative judge's analysis. ID at 11.

tended to affect the personnel action in any way); *Kukoyi v. Department of Veterans Affairs*, 111 M.S.P.R. 404, ¶ 11 (2009) (recognizing that disclosure made after the agency has taken the personnel actions at issue cannot have been contributing factors in those personnel actions and do not meet the nonfrivolous allegation requirements), *overruled on other grounds by Mason*, 116 M.S.P.R. 135, ¶ 26 n.7.

¶9        Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.[6]

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.